[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11398

Non-Argument Calendar

_____

LEWIS C. MCKINNEY, JR.,
a.k.a. Mack McKinney,
M2 STUDIO LLC,
M2 STUDIO PLLC,

Plaintiffs-Appellants,

*versus*

PORTICO LLC,
RONALD DURHAM,
BL HARBERT INTERNATIONAL LLC,
JOHN E. GARLINGTON, JR.,
FIFTH DIMENSION ARCHITECTURE AND
INTERIORS LLC, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:22-cv-09914-TKW-ZCB

_____

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Lewis McKinney, Jr., an architect, and two entities he controls—M2 Studios, LLC, and M2 Studio, PLLC—sued Portico, LLC, and others, asserting a dozen federal and state claims, including breach of contract, copyright infringement, conversion, unjust enrichment, quantum meruit, and tortious interference. The claims arose from Portico's termination of an agreement (which incorporated AIA Document B101-2017) for the provision of architectural and engineering services at a Florida condominium project called Portico at Perdido Bay.

The district court dismissed the plaintiffs' complaint with prejudice. First, the breach of contract claims failed as a matter of law because even if—as the plaintiffs alleged—Portico improperly terminated the agreement for cause, it could have terminated the agreement for convenience and the plaintiffs were not entitled to any compensation. *See* D.E. 50 at 10–13. Second, the copyright

infringement claims failed because, having terminated the agreement, Portico had a license to use the materials and instruments of service provided by the plaintiffs. *See id.* at 13–16. Third, the conversion claims failed as well because (a) they were preempted by the Copyright Act and (b) Portico and the other defendants did not wrongfully assert dominion over the plaintiffs' property. *See id.* at 16–18. Fourth, the unjust enrichment and quantum meruit claims failed because the parties had a valid and enforceable contract that governed their relationship and dispute. *See id.* at 18–21. Fifth, the tortious interference claim failed because (a) the defendants sued for that tort were not strangers to the business relationship allegedly interfered with and (b) no improper means were alleged. *See id.* at 21–24.

The plaintiffs now appeal. Because we write for the parties, we assume their familiarity with the allegations in the complaint and set out only what is necessary to explain our decision.

**I**

We exercise plenary review of a dismissal for failure to state a claim. *See Dorman v. Aronofsky*, 36 F.4th 1306, 1312 (11th Cir. 2022). In conducting that review, we accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs. *See id.* at 1310.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is

facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the factual allegations in the complaint must "possess enough heft" to set forth "a plausible entitlement to relief[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 559 (2007). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). The question, therefore, is whether a claim is "substantive[ly] plausib[le]." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).

## II

The plaintiffs alleged in their complaint that Portico expressly terminated the agreement for cause (and not for convenience), and that the reason it provided in the termination letter (that Mr. McKinney had not timely disclosed the dissolution of his association with WHLC) was pretextual. The plaintiffs, moreover, alleged that they would have been due compensation if the agreement had been terminated for convenience. As a result, the plaintiffs claimed, Portico breached the agreement.

The complaint quoted Portico's termination letter, which in part said the following: "Mc-Kinney-WHLC's actions constitute a material breach of the parties' Agreement. Accordingly, pursuant to Section 9.4 of AIA Document B101-2017, which is part of the Agreement, Portico hereby provides this written notice to McKinney-WHLC Architecture that Portico is terminating the

Agreement effective seven (7) days from today's date."  D.E. 10 at ¶ 39.  It is undisputed that Section 9.4 of AIA Document B101-2017, the provision cited in Portico's letter, provides for termination for cause: "Either party may terminate this Agreement upon not less than seven days' written notice should the other party fail substantially to perform in accordance with the terms of this Agreement through no fault of the party initiating the termination."  *Id.* at ¶ 22.[1]

The district court reasoned that, even if Portico had improperly terminated the agreement for cause, the termination would not be wrongful as a matter of law because the agreement also allowed termination for convenience.  *See* D.E. 50 at 10–11 ("Thus, even if Mr. McKinney is correct that Portico did not have cause to terminate the Agreement based on the dissolution of the McKinney-WHLC relationship, that would not render his termination 'wrongful' because Portico was not required to have a reason for the termination under the termination-for-convenience provision in the Agreement.").  We conclude that the district court's legal conclusion was incorrect.

---

[1] Section 9.5 of AIA Document B101-2017 provides for termination for the convenience of the owner (i.e., Portico) without cause: "The Owner may terminate this Agreement upon not less than seven days' written notice to the Architect for the Owner's convenience and without cause."  D.E. 10 at ¶ 22.  Section 9.9 provides: "The Owner's rights to use the Architect's Instruments of Service in the event of a termination of this Agreement are set forth in Article 7 and Section 9.7."  *Id.*  Portico did not rely on Section 9.5 in its termination letter.

Contrary to the plaintiffs' argument, we do not think that the district court ignored the factual allegations in the complaint. Instead, we believe that the district court ruled that Portico, even though it expressly terminated the agreement for cause pursuant to Section 9.4, could defend the plaintiffs' breach of contract claim on the ground that it could have also terminated the agreement for convenience pursuant to Section 9.5 and that this alternative basis doomed the contract claim.

In support of its ruling, the district court cited to *Oakes Farms Food & Dist. Servs., LLC v. Sch. Dist. of Lee County*, 541 F. Supp. 3d 1334, 1350 (M.D. Fla. 2021), but that case involved an actual termination for convenience and there was no attempt by the defendant to convert the termination into something else. As far as we can tell, there are no Florida cases or authorities addressing whether a termination for cause can be converted into a termination for convenience (or whether the latter can be asserted if the former was improper) after the agreement has ended (or, stated differently, whether a defendant who terminated an agreement for cause can defend a breach of contract claim on the ground that it could have terminated for convenience). The parties, moreover, have not cited any Florida cases or authorities on this point.

Significantly, the cases from other jurisdictions are divided on the issue. Some states hold that a party's termination for one reason does not prevent that party from relying on another reason during litigation unless it acted in bad faith or the other side detrimentally relied. *See, e.g., Accent Builders Co., Inc. v. Sw. Concrete Sys.,*

*Inc.*, 679 S.W. 2d 106, 110 (Tex. App. 1984) ("[T]the question for the jury was not whether Accent [the defendant] intended to terminate for convenience, but instead whether it acted in bad faith or whether Southwest [the plaintiff which was terminated] changed its position in reliance. Absent a finding on one or both of these issues, Accent was entitled as a matter of law to its issues pertaining to termination for cause."). Other states, however, hold that a party terminating an agreement for one reason cannot, after the agreement is ended, defend a breach of contract action on the ground that it could have terminated for another reason unless the agreement permits it. *See, e.g., Pub. Bldg. Auth. of the City of Huntsville v. St. Paul Fire & Marine Ins. Co.*, 80 So.3d 171, 179–80 (Ala. 2010) (rejecting the argument that a termination for convenience could later be converted to a termination for cause: "There is no language in the contract allowing a termination for convenience to be converted into a termination for cause, and the PBA [the defendant] offers no applicable legal authority to support its position that a termination for convenience may be converted to a termination for cause absent contractual language allowing such a conversion. In light of the unambiguous terms of the contract, there is no basis for reading the contract in such a way as to allow the PBA to resuscitate a dead contract so that it may re-terminate it.").

Even if under Florida law a party like Portico can try to defend a breach of contract claim on the ground that it could have terminated the agreement for convenience, such a theory may not be amenable to disposition on a motion to dismiss. At least one district court has come to that conclusion. *See, e.g., Am. Railcar*

*Indus., Inc. v. Gyansys, Inc.*, No. 14-Civ-8533 (AT), 2015 WL 5821636, at *3 (S.D.N.Y. Sept. 9, 2015) ("[The owner] argues that it can retroactively convert [the contractor's] termination 'for cause' into a termination 'for convenience,' thereby limiting [the contractor] to the contract recovery applicable to termination for convenience. Even assuming that [the owner] may do so as a matter of law, the validity of such a conversion hinges on complicated factual issues which cannot be resolved on a motion to dismiss.").

As noted earlier, the plaintiffs alleged in their complaint that they would have been due compensation if the contract had been terminated for convenience. Given the lack of on-point Florida precedent, the plaintiffs' breach of contract claim is substantively plausible. The district court erred by dismissing it with prejudice.

### III

The district court dismissed the copyright infringement claims on the ground that the defendants retained a license to use the plaintiffs' materials and instruments of service after termination of the agreement. *See* D.E. 50 at 15. But if Portico improperly terminated the agreement for cause—i.e., if there was no proper termination for cause and if Portico cannot defend on the ground that it could have terminated for convenience—then the defendants did not have a license to use the plaintiffs' materials and instruments of service without compensation following the purported termination. We therefore vacate the district court's dismissal of the copyright infringement claims.

23-11398              Opinion of the Court                    9

In their brief, the defendants argue that the copyright claims fail for a number of other reasons, but the district court did not address these grounds. We think it is best for the district court to pass on them in the first instance.

## IV

This leaves the plaintiffs' claims for conversion, unjust enrichment, quantum meruit, and tortious interference. We affirm the dismissal of these claims.

With respect to the conversion claims, the district court ruled alternatively that those claims were subject to dismissal because they were preempted by the Copyright Act. *See* D.E. 50 at 17–18. In their initial brief, the plaintiffs did not address this alternative preemption ruling by the district court regarding the conversion claims. As a result, we affirm the dismissal of those claims. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").[2]

---

[2] The only other argument raised by the plaintiffs in their initial brief was that, even if the district court properly allowed Portico to defend on the ground that it could have terminated the agreement for convenience, it erred in ruling

Turning to the unjust enrichment and quantum meruit claims, the district court ruled in part that the plaintiffs could not assert these claims because they had an enforceable agreement with Portico which governed the parties' relationship. *See* D.E. 50 at 19–21. As for the tortious interference claims, the district court concluded that they failed because (a) the defendants who had been sued were not strangers to the business relationship and (b) no improper means were used. *See id.* at 22–24.

In their initial brief, the plaintiffs did not address the grounds the district court articulated for the dismissal of the unjust enrichment, quantum meruit, and tortious interference claims. They did address those grounds in their reply brief after the defendants raised them as alternative bases for affirmance, but that briefing came too late. We therefore affirm the dismissal of those claims. *See Sapuppo*, 739 F.3d at 682–83 ("After Allstate pointed out in its response brief that the Sapuppos had waived any issue concerning the district court's alternative holdings, they did make some arguments and cite some authorities in their reply brief about those holdings. Those arguments come too late.").

## V

We vacate the dismissal of the plaintiffs' breach of contract and copyright infringement claims and remand for further

---

that the plaintiffs were not entitled to any compensation. *See* Appellants' Initial Br. at 22–25.

23-11398               Opinion of the Court                    11

proceedings as to those claims.  We affirm the dismissal of all of the other claims.

**AFFIRMED   IN   PART,   VACATED   IN   PART,   AND REMANDED.**